# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| First American Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 13 C 3317 |
| | ) | |
| Cardinal Resources, LLC et al., | ) | |
| | ) | |
| Defendants. | ) | Judge Frederick J. Kapala |

## ORDER

Plaintiff's motion to enforce settlement agreement [89] is granted. The clerk is directed to enter judgment in favor of plaintiff and against defendants in the amount of $280,000 without costs. This case is closed.

## STATEMENT

      Plaintiff, First American Bank ("FAB"), entered into a promissory note with defendant, Cardinal Resources, LLC ("Cardinal"), in which Cardinal agreed to make monthly payments to FAB in order to repay a $250,000 commercial loan. According to the allegations in the first amended complaint, Cardinal defaulted on its obligations by failing to make timely payments, and Cardinal has failed to cure this default. In its complaint, FAB sought judgment against Cardinal on the note and against three individuals, Kevin R. Jones, Barbara H. Jones, and Carol J. McKee, each of whom signed a guaranty to help Cardinal secure the loan. Currently before the court is a motion by FAB seeking to enforce a settlement agreement that the parties reached with the assistance of the court. For the reasons stated below, that motion is granted.

### I. BACKGROUND

      Shortly before the court was scheduled to hold a bench trial in this rather straightforward case, defendants requested that the court conduct a settlement conference with the parties. The court obliged and referred the parties to the magistrate judge, who carefully and patiently worked with the parties until a settlement agreement was reached. The magistrate judge then recited the material terms of the settlement on the record,[1] which included, among other things, "[t]otal payment to the

---

[1] The magistrate judge ordered that any transcript which contained a discussion of the settlement agreement be maintained under seal. However, because the court now finds it necessary to review the terms of the settlement agreement in order to properly dispose of the pending motion, the court will lift the seal for the limited purposes of this order. See In re Specht, 622 F.3d 697, 701 (7th Cir. 2010) ("Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality.").

plaintiff in the amount of $280,000" with "an initial payment of [$50,000] . . . made upon execution of the settlement agreement, which will be no later than November 1st, 2014."[2] The magistrate judge also discussed the remaining monthly payments that would be due, indicated that "[t]he settlement agreement will contain a confession of judgment provision," and discussed the financial disclosure provisions. Finally, the magistrate judge explained that "[t]he case will be dismissed with prejudice upon execution." As a result of the parties' settlement agreement, the court canceled an upcoming motion hearing and the bench trial.

Despite several emails back and forth between counsel, the settlement agreement was never executed, either by the agreed-upon date or otherwise, and the initial payment was not made. At a status hearing before the magistrate judge on November 6, 2014, after the court helped resolve what is now an inconsequential dispute regarding the scope of the confession of judgment provision, counsel for defendants indicated for the first time that they "need to change the required date for payment of the initial payment." Counsel explained that "another entity that is trying to get money from Cardinal . . . froze Cardinal's main bank account, and Cardinal's in the process of trying to replace those funds and can't make the additional payment until they do so." The magistrate judge noted that payment of the initial payment by the agreed-upon date was "a clear material term of the settlement agreement" but left it to FAB to determined how it wanted to proceed.

At the request of counsel, the magistrate judge held another status hearing concerning the settlement agreement on November 21, 2014. Shortly before the hearing, however, there was some communication between the parties, and FAB "was assured that the wire for the first $50,000 payment is confirmed." Plaintiff's counsel stated that FAB was "willing to wait based on this assurance," but noted that it was "starting to be a little concerned." Counsel for defendants then clarified that they had received "a written confirmation from counsel from one of the entities that owes the money [to Cardinal] that the wire for that has been initiated," and that her client "has been doing everything possible to get the money owed to it paid." Because the settlement was potentially back on track, the magistrate judge once again left it to the parties to contact the court if they needed any further assistance in resolving their dispute.

On December 3, 2014, FAB filed an amended motion to transfer the case back to the this court arguing that "[d]efendants avoided a trial by requesting a settlement conference, settled the case, and then refused to sign the settlement agreement and make any payments." FAB further alleged that, despite the fact that defendants had provided numerous assurances that funds were available or had been wired to them by a third party, they have refused to comply with the settlement agreement or are unable to do so. FAB requested that the case be transferred back to this court for further proceedings so that they could seek a judgment and enforce its rights in full against all of the defendants. The magistrate judge denied the motion to transfer and noted that the case remained set for another status hearing on December 11, 2014.

At the next status hearing, the magistrate judge heard more of the same from counsel for defendants: "We stand in the same place we were before. Nothing's been signed yet because my

---

[2]After noticing that November 1, 2014, was a Saturday, the "execution deadline" was moved up one day to October 31, 2014.

2

client is still trying to get moneys that they're owed to put together the initial down payment." In response, plaintiff's counsel argued that FAB did not agree to some sort of contingent payment from defendants and that this delay has "materially changed everything that we discussed in court." Defendants' counsel reminded the court that Cardinal's bank account was not frozen at the time of the settlement conference and suggested that Cardinal had no way of knowing that was going to happen. Thereafter, counsel proposed that Cardinal could make the December 1 payment of $23,000 if FAB would agree that "the fifty that was supposed to be the initial payment be tacked onto the end as two additional $25,000 payments."

With regard to this new proposal, the magistrate judge indicated that was "an issue that can be resolved among the parties if the plaintiff is even willing to entertain that." He then commented:

> We have a settlement agreement. We reached a settlement. From what I'm seeing, the defendant is not complying with that settlement agreement. I leave it up to the plaintiff to see how the plaintiff wants to proceed with the settlement. They can seek to enforce it. There's other remedies available. . . . This case involves the nonpayment of a promissory note to which there is no defense. I leave it to the plaintiff to do and file whatever motion they want to file.

Shortly thereafter, FAB filed the instant motion seeking to enforce the parties' settlement agreement, although it styled it as a "motion for confession of judgment." In response, defendants argue, in relevant part, that they have not breached their settlement obligations (i.e. payment) because the parties never executed a written settlement agreement.[3]

## II. ANALYSIS

"[A] district court possesses the inherent or equitable power summarily to enforce an agreement to settle a case pending before it." Wilson v. Wilson, 46 F.3d 660, 664 (7th Cir. 1995). "Oral settlement agreements are enforceable under Illinois law if there is clearly an offer and acceptance of the compromise and a meeting of the minds as to the terms of the agreement." Dillard v. Starcon Int'l, Inc., 483 F.3d 502, 507 (7th Cir. 2007) (quotation marks omitted). In order to be enforceable, "[t]he essential terms must be definite and certain so that a court can ascertain the parties' agreement from the stated terms and provisions." Id. (quotation marks omitted). The parties' failure "to reduce the specifics of their agreement to a written document" does not preclude enforcement of an oral settlement agreement. Wilson, 46 F.3d at 661-62; see also Dillard, 483 F.3d at 509 (affirming the district court's decision to enforce an oral settlement despite disputes that arose over certain terms in the written agreement).

Here, as the magistrate judge previously noted, there was a clear and definite settlement agreement reached between the parties at the conclusion of the settlement conference, and the terms

---

[3] Defendants also contend that the confession of judgment provision in the settlement agreement is not enforceable "[a]bsent inclusion of the express terms of the warrant of attorney/cognovit allowing for confession of judgment, and the signatures of all parties authorizing the confession of judgment." Because the court finds that the parties' oral settlement agreement is enforceable regardless of the confession of judgment provision, the court need not resolve this dispute.

of that agreement were placed on the record.[4]  At its most basic, defendants agreed to pay FAB $280,000 in exchange for dismissal of this lawsuit.  Because defendants were either unable or unwilling to comply with the terms of this agreement, they have attempted to thwart that agreement by refusing to execute a written agreement.  However, defendants never indicated that their acceptance of the settlement agreement was contingent on approval of a written instrument, see Dillard, 483 F.3d at 506 (noting that "Dillard did not make his acceptance contingent on approval of a written instrument"), and indeed, aside from a slight dispute over a non-material issue regarding the confession of judgment provision, defendants have never claimed that the proposed written agreement provided by FAB for execution was inaccurate or incorrect in any material manner.  Rather, it appears as if defendants are simply attempting to repudiate their agreement through inaction by refusing to sign a written settlement agreement, but that course of action is improper.  See Wilson, 46 F.3d at 667 ("[T]his court long ago made it clear that 'a settlement agreement or stipulation voluntarily entered into cannot be repudiated by either party and will be summarily enforced by the Court.'" (quoting Cummins Diesel Mich., Inc. v. The Falcon, 305 F.3d 721, 723 (7th Cir. 1962))).  Accordingly, the court rejects defendants' argument that the failure to execute a written settlement agreement renders the parties' oral settlement agreement unenforceable and instead grants FAB's motion to enforce the settlement agreement.  As a result, the court directs the clerk to enter judgment in favor of plaintiff and against defendants in the amount of $280,000 without costs.

As a final matter, FAB argues for the first time in its reply brief that defendants have demonstrated bad faith sufficient to justify an award of attorney's fees and seeks leave to file a fee petition.  Because this issue has not been fully briefed, the court declines to rule on the propriety of such a petition.  However, the court notes that in order to demonstrate bad faith, FAB will likely have to produce some evidence showing that defendants knew at the time of the oral settlement agreement that they were going to be unable to make the initial payment upon a timely execution.  As of now, the record reflects that there was a change in circumstances that occurred after the parties had entered into their settlement agreement but before execution of a written agreement.

### III. CONCLUSION

Based on the foregoing, the court grants FAB's motion to enforce the parties' oral settlement agreement and will direct the clerk to enter judgment in favor of plaintiff and against defendants in the amount of $280,000 without costs.

Date: 5/8/2015

ENTER:

_____

FREDERICK J. KAPALA

District Judge

---

[4]This court's order canceling the scheduled bench trial in this matter provides further evidence that the parties had reached a conclusive settlement agreement.